GARY A. AND FRANCES BYBEE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bybee v. Commissioner
Docket No. 43665-86
United States Tax Court
T.C. Memo 1993-232; 1993 Tax Ct. Memo LEXIS 236; 65 T.C.M. (CCH) 2787; May 25, 1993, Filed *236 Decision will be entered for respondent. Gary A. Bybee, pro se. For respondent: S. Mark Barnes. CLAPP
CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined the following deficiencies in and additions to petitioners' Federal income taxes: Additions to Tax
Year
Deficiency Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6661 1982
$ 11,047.00
$ 552.00
[1]
$ 1,105.00
1983
13,503.00
675.00
[1]
1,350.00
1984
11,957.00
598.00
[1]
1,196.00
The issues for decision are: (1) Whether petitioner Gary A. Bybee's efforts during 1982, 1983, and 1984 to develop procedures and products for toxic and low-level nuclear waste disposal constituted the carrying on of a trade or business within the meaning of section 162, so that petitioners are entitled to deductions under that section for expenses in connection with such activities during those years, and if so, in what amounts. We hold that no such trade or business commenced during 1982, 1983, or 1984, *237 and consequently expenditures made in the effort to develop the trade or business were, at most, startup costs which were not deductible during the years in issue. (2) Whether petitioners are liable for the additions to tax for negligence under section 6653(a)(1) and (2). We hold that they are. (3) Whether petitioners are liable for the additions to tax for substantial understatements of liabilities under section 6661. We hold that they are. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. FINDINGS OF FACT We incorporate by reference the stipulation of facts and attached exhibits. Petitioners listed their address as P.O. Box 1989, Lakeside, Arizona, on the petition they filed on November 10, 1986, invoking the jurisdiction of this Court. References to petitioner in the singular are to petitioner Gary A. Bybee. Petitioner desired to enter into a business regarding the disposal of toxic and low-level nuclear waste. To this end, during the years at issue petitioner obtained and read various Government and other publications addressing *238 such topics, contacted "professionals representing various fields of expertise", identified testing laboratories and possible customers, and surveyed possible sites. After failing to complete development of a toxic and low-level nuclear waste-disposal process or product, or to obtain customers, petitioner "let it die at that point." Each of petitioners' Federal income tax returns for the years at issue included a Schedule C. The Schedules C for 1982 and 1983 listed petitioner's main business activity as "land developer" and the product as "toxic waste storage site". For 1984 the Schedule C listed petitioner's main business activity as "research and consultant" and the product as "security". Petitioner was the named proprietor on the Schedule C for each of the 3 years at issue. The Schedules C for 1982 and 1983 listed $ 29,314 and $ 34,669.44, respectively, in expenses, yet reported no gross receipts or sales and claimed no cost of goods sold. Petitioner's 1984 Schedule C showed $ 166.67 of gross receipts or sales, $ 7,630 in cost of goods sold, and $ 25,602 in expenses. Thus, petitioners deducted business losses of $ 29,314, $ 34,669.44, and $ 33,065.33 for 1982, 1983, and *239 1984, respectively, in arriving at their adjusted gross income for each of those years. Of the expenses and costs of goods sold listed on the Schedules C, $ 7,185, $ 15,153, and $ 14,591 for 1982, 1983, and 1984, respectively, were direct payments to petitioners' children. These payments were deducted on the Schedules C variously as legal and professional expense, rent expense, office expense, supplies expense, employee benefits expense, and cost of goods sold. All of the checks written to petitioners' children were made payable either to one of the three children or to cash, and none of the checks had any notation regarding its purported business purpose or otherwise. During those years, petitioners' children were attending colleges at which research regarding disposal of toxic and low-level nuclear waste was conducted. At least some of the payments allocated to rent and other purported business expenses were used to pay the rent for an apartment which housed petitioners' children while they were attending college as well as for other college-related expenses. Petitioner's "business" efforts were restricted to researching the various designs, methods, and systems of toxic and *240 low-level nuclear waste disposal, determining the feasibility of such, and locating possible customers and sites for such an activity. OPINION The primary issue in this case is whether petitioner's research and related activities during the years at issue rise to the level of carrying on a trade or business within the meaning of section 162, or are startup expenditures within the meaning of section 195, or are otherwise nondeductible personal expenditures. Deductions are a matter of legislative grace, and "only as there is clear provision therefor can any particular deduction be allowed." Deputy v. Du Pont, 308 U.S. 488, 493 (1940) (quoting New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934)). Section 162 allows a deduction for "Trade or Business Expenses" which are "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". Sec. 162(a). (Emphasis added.) Startup expenses, however, are not deductible, although the taxpayer may elect to amortize such expenditures over a period of not less than 60 months. Sec. 195(a). Startup expenditures are *241 defined, inter alia, as any amount "paid or incurred in connection with -- (A) investigating the creation or acquisition of an active trade or business, or (B) creating an active trade or business." Sec. 195(b)(1). Petitioner claims that he "was in the business of research and development of methods and procedures to safely transport and dispose toxic and low-level nuclear wastes" during the years at issue. In support of his claim, petitioner asserts that in addition to basic fact-gathering research, he "established an on-call working group of Professionals in selected fields of expertise to assist" in petitioner's business, identified and contacted potential customers, and surveyed potential disposal sites. Respondent contends, however, that petitioner's expenditures have not been substantiated fully, and that at least some portions of the expenditures were personal in nature and were not related to a trade or business. Respondent further argues that, in any case, petitioner was not entitled to any of the claimed deductions because he was not engaged in the active conduct of a trade or business during the years at issue. The question of whether a taxpayer is engaged in the active *242 conduct of a trade or business requires an examination of all of the relevant facts. Commissioner v. Groetzinger, 480 U.S. 23, 36 (1987). It is well settled that in order to be deductible under section 162, "expenses must relate to a trade or business functioning at the time the expenses are incurred." Hardy v. Commissioner, 93 T.C. 684, 687 (1989), affd. on this point in an unpublished order of the Court of Appeals for Tenth Circuit filed October 29, 1990. In order to be currently deductible, the expenses must have been incurred after the taxpayer's trade or business actually commenced; expenses incurred prior to such time are nondeductible pre-opening expenses. Jackson v. Commissioner, 864 F.2d 1521 (10th Cir. 1989), affg. 86 T.C. 492 (1986); Goodwin v. Commissioner, 75 T.C. 424, 433 (1980), affd. without published opinion 691 F.2d 490 (3d Cir. 1982); McManus v. Commissioner, T.C. Memo. 1987-457, affd. without published opinion 865 F.2d 255 (4th Cir. 1988). *243 In articulating this "pre-opening expense doctrine", it has been said: even though a taxpayer has made a firm decision to enter into business and over a considerable period of time spent money in preparation for entering that business, he still has not "engaged in carrying on any trade or business" within the intendment of section 162(a) until such time as the business has begun to function as a going concern and performed those activities for which it was organized. [Richmond Television Corp. v. United States, 345 F.2d 901, 907 (4th Cir. 1965), vacated and remanded on other grounds 382 U.S. 68 (1965), original holding on this issue reaffd. 354 F.2d 410, 411 (4th Cir. 1965); fn. ref. omitted; emphasis added.]
Thus, "carrying on any trade or business" requires a showing of more than initial research into business potential and solicitation of potential customers or clients. Dean v. Commissioner, 56 T.C. 895, 902 (1971); Pino v. Commissioner, T.C. Memo. 1987-28; Goldman v. Commissioner, T.C. Memo. 1975-138. *244 "Carrying on any trade or business" also requires more than identifying, contacting and agreeing with potential partners, contractors, or other business personnel. Richmond Television Corp. v. United States, supra at 907. The activities must be currently engaged in for profit. Industrial Research Products, Inc. v. Commissioner, 40 T.C. 578, 590 (1963). Petitioner has failed to submit any evidence that he was carrying on any trade or business during the years at issue. Petitioner claimed to have a working group of professionals ready to assist his business efforts, but refused to identify them and failed to show what, if anything, they did for or with petitioner in the active conduct of any trade or business. There is no evidence that petitioner ever obtained permits to engage in waste disposal or ever agreed with anyone to perform any such services or to provide a product of any kind during the years at issue. The nature and source of petitioner's only reported gross receipts during the years at issue from these activities, $ 166.67 in 1984, was unsubstantiated and unexplained. Petitioner has shown, at most, *245 that he incurred some startup costs to develop a trade or business in the area of toxic and low-level nuclear waste disposal. Petitioner submitted no evidence that any such trade or business ever commenced, and admitted that he eventually abandoned his efforts, although there is no evidence as to when such abandonment occurred. Merely investigating business possibilities, prospects, and potential customers does not constitute carrying on a trade or business. See Richmond Television Corp. v. United States, supra.; Dean v. Commissioner, supra.Moreover, it appears that at least part of petitioner's purported business expenses (e.g., part of the payments made to petitioners' children) were actually nondeductible personal expenses. We hold that petitioners have failed to establish that any of their claimed business expenses were incurred in connection with the carrying on of a trade or business within the meaning of section 162. Thus, they are not entitled to deductions for the same for the years at issue, and we sustain respondent's deficiency determinations. Respondent also determined that petitioners are liable *246 for the additions to tax for negligence under section 6653(a)(1) and (2). Negligence under section 6653(a) is a "lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." Neely v. Commissioner, 85 T.C. 934, 947 (1985) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967)). Petitioners' only argument regarding the additions to tax for negligence under section 6653(a)(1) and (2) is their reliance on respondent's Publication 334, Tax Guide for Small Business. Petitioners claim that the discussion on pages 14-18 of the version of this publication for tax year 1984 justifies their return position. We disagree. The discussion in Publication 334, to which petitioners point, refers to the election to capitalize or deduct research and experimental costs incurred in a business. However, immediately preceding that discussion is a section on the same page titled "Establishing Yourself in Business". The discussion in this latter section lists the most common startup costs incurred by taxpayers contemplating starting a business, including "travel [expenses] *247 to look over various business possibilities, or to find customers and suppliers", and expenses incurred to "conduct market surveys". This section goes on to explain: However, because your business has not yet started active operations, you are not allowed to deduct these kinds of costs as expenses. The costs you have in setting up a business are capital expenditures. They cannot be taken either as business or as nonbusiness deductions.
We note that this section, and in particular the above-quoted language, is underscored in pen in the copy of the 1984 version of Publication 334 that petitioners submitted as evidence in this case. We also note that petitioners apparently failed to consult with any outside business consultant, lawyer, or accountant regarding beginning a business or the proper tax treatment of the costs incurred in anticipation of starting a business. We further note that at least part of the rent and other purported business expenses deducted were for nonbusiness purposes. On this record, we hold that petitioners failed to act reasonably and prudently in filing their Federal income tax returns for 1982, 1983, and 1984 and are liable for the additions *248 to tax for negligence under section 6653(a)(1) and (2) for those years as determined by respondent. Respondent further determined that petitioners are liable for the additions to tax for substantial understatements of tax liabilities under section 6661. An understatement of tax is substantial if the amount of the understatement for the tax year is more than $ 5,000 or greater than 10 percent of the amount required to be shown on the return. Sec. 6661(b)(1)(A)(i) and (ii). Based on our holding above regarding the deficiencies determined by respondent, petitioners' understatements of tax for each of the 3 years at issue are substantial. Thus, we hold that petitioners are liable for the additions to tax for substantial understatements of liabilities under section 6661 for those years as determined by respondent. Decision will be entered for respondent. Footnotes
1. Amount to be determined↩